# OCTOBER, 1940.

WESLEY ELLIS, RESPONDENT, v. THE STATE SOCIAL SECURITY COMMISSION OF MISSOURI, APPELLANT.—145 S. W. (2d) 161.

Kansas City Court of Appeals.   November 18, 1940.

*Hon. Roy McKittrick*, Attorney-General, and *Hon. Aubrey R. Hammett, Jr.*, Assistant Attorney-General, for appellant.

A. L. *Burns* for respondent.

No brief.

SHAIN, P. J.—This is an appeal from the action of the circuit court in reversing and remanding decree and order made by the Social Security Commission of Missouri.

The decree and order of the Commission in matter of claimant herein is as follows:

"That the claimant does not come within the purview of the statute, as he has adequate means of support, income, or other resources to provide a reasonable subsistence compatible with decency and health. Therefore, claimant's application for old age assistance is denied.

"Given at the City of Jefferson, State of Missouri, this 8th day of June, 1938."

Claimant duly appealed to the Circuit Court of Linn County, Missouri, where hearing was had March 4, 1939.

From an incomplete abstract of the record filed in this court, we glean that after claimant had perfected his appeal to the circuit court the Commission took further action and restored claimant to the roll and fixed the amount of award at $1.00 per month.

We further gather from the record before us that the case was reviewed in the circuit court as based upon the decrees and order of the after act of the Commission in placing claimant upon the roll at $1.00 per month.

In this hearing before the circuit court, the court entered its findings, conclusions and judgments wherein it is found that $1.00 per month was inadequate and found that claimant was entitled to be upon the roll and fixed his allowance at $30 per month.

The Commission filed motion to modify said judgment and thereafter said judgment was modified by making the award $12 per month and by awarding judgment in claimant's favor in the sum of $12 from and after the action of his removal to date. From this modified judgment, the Commission appealed.

We conclude that the action of the Commission in resuming jurisdiction pending appeal is *ultra vires* and presented nothing to be reviewed by the circuit court. We further conclude that any action by the circuit court fixing any designated amount for claimant is *ultra vires* and any action of the court touching same is *coram non*

*judice.* However, the circuit court acting within its jurisdiction did reverse the action of the Commission in removing the claimant from the roll.

We have set forth, *supra,* the decree and order of the Commission that claimant appealed from, and it is clear that the jurisdiction of the circuit court is restricted to one question alone, to-wit: Was or was not the order denying claimant's application the result of a fair hearing and determination of the applicant's eligibility and rights under the act, or was the decision arbitrary and unreasonable?

We gather from the incomplete record before us, that the decision of the circuit court reversed the orders of the Commission on the question, *supra.* Further, the appellant in its brief says: "This appellant does not contend that the lower court exceeded its jurisdiction in restoring this claimant to the roll."

Social Security questions are yet in a formulative stage. Recent legislative enactments have been passed to meet situations that have been disclosed by opinions by reviewing courts. It is shown that the case at bar was commenced when the rule as expressed in section 16, Laws of 1937, page 475, was the law. However, it is now reviewed under different provisions as expressed in section 16, Laws of 1939, page 736-7.

Confronted with the situation disclosed by showing of record herein, and in consideration of the fact that appellant concedes as to jurisdiction as to *restoration to the role,* we affirm the judgment of the circuit court in such respect alone and remand the cause to the Commission for redetermination as provided by law. However, as to judgments, orders and decrees made by the circuit court fixing any designated amount claimant shall receive, or as to determination by the circuit court of any matter or matters other than reversal and remanding of the findings and awards, *supra,* made by the Commission on June 8, 1938, the judgment is reversed.

All concur.